IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CURTIS DWAYNE VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:22-CV-03301-MDH |
| | ) | |
| SEAN M. FLANNERY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is pro se Plaintiff's ex-parte Motion for a Preliminary Injunction. (Doc. 7). The exact nature of Plaintiff's request is unclear. It appears, however, Plaintiff generally complains of violations of the First Amendment of the United States Constitution, stemming from limits placed on the number of sheets of paper students may print on public-access computers on the campus of Missouri State University. (Doc. 7 at 6-7). It appears Plaintiff complains of discrimination based on an inability to increase the number of pages he may print at the university's public-access computers. *Id*. Plaintiff's claims about how discrimination occurred and how the alleged discrimination amounts to a Constitutional violation, remain unclear.

Analyzing a request for preliminary injunction and temporary restraining order, the Court weighs: 1) probability movant will succeed on the merits; 2) threat of irreparable harm to the movant absent injunction; 3) balance between threatened harm to the movant and harm the injunction would inflict on other interested parties; and 4) public interest. *Dataphase Sys., Inc. v. C L Syst., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). "No single factor is dispositive;" rather,

1

the court must consider all factors to, "determine whether on balance they weigh towards granting the injunction." *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc*., 815 F.2d 500, 503 (8th Cir. 1987).

This Court remains unconvinced Plaintiff is likely to succeed on the merits. The lack of clarity in Plaintiff's motion and complaint fail to indicate likely success. Plaintiff has failed to show this Court how a print limitation implicates any Constitutional protections. Further, it is unclear how inability to print a limitless number of pages on a university's public-access computer suggests irreparable harm. "In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013) (citations omitted).

## CONCLUSION

For foregoing reasons, Plaintiff's ex-parte Motion for a Preliminary Injunction is **DENIED**. Plaintiff may renew a request for a preliminary injunction once counsel has entered for Defendants.

**IT IS SO ORDERED.**

Dated: January 17, 2023                            */s/ Douglas Harpool*
                                                                                 **DOUGLAS HARPOOL**
                                                                                 **United States District Judge**